**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL A. ISSAC,  # 03815-078**                                              **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:09-cv-196-DCB-MTP**

**UNITED STATES OF AMERICA
AND WARDEN OF F.C.C. YAZOO CITY**                                              **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  Petitioner

Michael A. Issac, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed

this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on November 17, 2009.  Upon

review of the court record, the court has reached the following conclusions.

<u>Background</u>

Petitioner states that on June 17, 1992, he pleaded guilty to the following offenses in the

United States District Court for the Eastern District of Texas:

> Count One: Engaging in racketeering activity, namely kidnaping, robbery,
> extortion and dealing in narcotic drugs, in violation of 18 U.S.C. § 1959(a)(4);
> Count Two: Using and carrying a firearm while, during and in relation to a crime
> of violence, namely assault with a dangerous weapon in aid of racketeering
> activity, in violation of 18 U.S.C. § 924(c);
> Count Three: Assaulting several individuals with a dangerous weapon for the
> purpose of maintaining his position in a racketeering enterprise, in violation of 18
> U.S.C. § 1959(a)(3);
> Count Four: Using and carrying a firearm while, during and in relation to a crime
> of violence, namely assault, with a dangerous weapon in aid of racketeering, in
> violation of 18 U.S.C. § 924(c).

<u>Mem. in Supp</u>. [2], p. 2.

Petitioner was sentenced to serve 60 months as to count one, 168 months as to count

three, 60 months as to count two and 240 months as to count four.  Counts one and three were to

run concurrently with each other. Counts two and four were to run consecutively to each other and consecutively with counts one and three. After the calculation of the sentence, petitioner was to serve 39 years in the custody of the Bureau of Prisons. Petitioner did not file a direct appeal. Petitioner states that on April 28, 1997, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Texas, which was denied on July 16, 1998. Petitioner appealed the decision of the Eastern District of Texas to the United States Court of Appeals for the Fifth Circuit which was dismissed on July 20, 1999, for want of prosecution. Mem. in Supp. [2], p. 2-3.

In the petition before this court, petitioner argues that his second and consecutive conviction for use of a firearm during a crime of violence is in violation of the Double Jeopardy Clause of the Fifth Amendment because he was convicted and sentenced for using a firearm in a crime of violence as to two separate counts (engaging in racketeering activity and assaulting several individuals with a dangerous weapon for the purpose of maintaining his position in a racketeering enterprise). Thus, petitioner alleges that he is receiving "multiple punishments for the same offense". Resp. [7], p. 2. As relief, petitioner requests that the second and consecutive conviction of use of a firearm during a crime of violence be vacated.

Petitioner relies on the United States Supreme Court decisions of U.S. v. Dixon, 509 U.S. 688 (1993) and Witte v. U.S., 515 U.S. 389 (1995), to assert that his second conviction and sentence for use of a firearm during a crime of violence is in violation of the Double Jeopardy Clause of the Fifth Amendment. Further, petitioner claims that application of the "Blockburger test" will demonstrate the invalidity of his second and consecutive conviction and sentence for use of a firearm during a crime of violence. See Blockburger v. U.S., 284 U.S. 299 (1932) (set

forth a test for the courts to apply in determining whether a Double Jeopardy violation had occurred). As discussed below, this reliance is misplaced and petitioner is asserting alleged errors that occurred prior to or at his sentencing which he could have raised on a direct appeal or in a first § 2255 motion.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.[1] United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the petitioner's allegations relate to the validity of his convictions and sentences. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

---

[1] Petitioner filed a previous petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, which was denied on January 30, 2002. (Issac v. Purdy, No. 2:01-cv-269 (S.D. Tex., Jan. 30, 2002)).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2]  Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452.  The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement.  See Reyes-Requena, 243 F.3d 893 (5th Cir.2001).  The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904.  The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.  In order to meet the second prong of the test, petitioner must show that the cases that he is relying on to make his claim were "foreclosed by circuit law" at the time he filed his first § 2255 motion.  Id. at 904.  As discussed below, petitioner fails to meet the second prong of the test.

As aforementioned, petitioner asserts that his second and consecutive conviction for use

---

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

of a firearm during a crime of violence and the resulting sentence are illegal because he has been convicted of the same offense twice, in violation of the Double Jeopardy Clause. In an attempt to meet the savings clause requirements, petitioner states that the second and consecutive conviction and sentence for use of a firearm during the commission of a felony is in violation of the Double Jeopardy Clause based on the holdings in <u>U.S. v. Dixon</u>, 509 U.S. 688 (1993) and <u>Witte v. U.S.</u>, 515 U.S. 389 (1995). However, the court finds petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive.

As stated above, petitioner was convicted and sentenced in June of 1992. As such, the decisions in <u>Dixon</u> and <u>Witte</u> were not "foreclosed by circuit law" at the time when he filed his first § 2255 motion. After the enactment of AEDPA and the institution of the one year statute of limitations for § 2255 motions, the United States Court of Appeals for the Fifth Circuit held that, for those prisoners whose convictions had become final prior to the enactment of AEDPA, the one year statute of limitations would begin to run on April 24, 1996. <u>See</u> <u>U.S. v. Flores</u>, 135 F.3d 1000, 1006 (5th Cir. 1998). Although Petitioner was convicted and sentenced in 1992, prior to the decisions in <u>Dixon</u> (1993) and <u>Witte</u> (1995), these cases were available to him within the "new" statute of limitations at the time of filing his first § 2255 motion on April 28, 1997. <u>Mem. in Supp.</u> [2], p. 2. <u>See</u>, <u>e.g.</u>, <u>Gricco v. Keffer</u>, 353 Fed. Appx. 423 (5th Cir. 2009) (petitioner failed to meet the savings clause requirements when the case law relied on by petitioner was neither new nor retroactively applicable, additionally, petitioner failed to identify any authority that would have foreclosed claims which would have been timely as brought pursuant to § 2255); <u>Negron v. Chandler</u>, 54 Fed. Appx. 798 (5th Cir. 2002) ("Negron's double jeopardy argument fails to meet the second prong of the <u>Reyes-Requena</u> test since <u>Rutledge</u>, decided in 1996, was

available to Negron well before the time he filed his 28 U.S.C. § 2255 motion").  Additionally, a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255 inadequate or ineffective." <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000); <u>see</u> <u>also</u> <u>Pierre v. Justice</u>, 222 Fed. App'x 415 (5th Cir. 2007) (§ 2255 motion dismissed as time-barred failed to establish the inadequacy or ineffectiveness of the § 2255 remedy). Thus, petitioner has failed to meet the second prong  of the <u>Reyes-Requena</u> test. Because both prongs of the <u>Reyes-Requena</u> test must be met for a claim to benefit from the savings clause, this Court need not address the other prong of the test.

<u>Conclusion</u>

As stated above, § 2241 is not the proper forum to assert petitioner's claims.   Therefore, this § 2241 petition will be dismissed, without prejudice, as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice**.**  <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 454-55 (5th Cir. 2000).

A final judgment in accordance with this memorandum opinion shall be issued.  All pending motions are hereby terminated.

SO ORDERED, this the  9th   day of March, 2010.


s/David Bramlette                                                      
  UNITED STATES DISTRICT JUDGE